COOK, Circuit Judge,
concurring separately.
I concur with the majority’s decision to reverse the judgment of the district court and remand for further proceedings on a single, narrow ground: Minacs fails to show that the Receipt entitles it to dismissal.
*332 In granting Minacs’s motion to dismiss, the district court relied on the Receipt’s seemingly broad language — “any and all controversies or claims arising out of, or relating to” — without grappling with the next phrase, “these Policies and Procedures.” As the majority notes, this phrase limits the scope of the arbitration provision to those disputes arising from or relating to Phoenix’s 1995 Policies and Procedures handbook. And though we have previously construed arbitration clauses to apply broadly to employment disputes, we have done so only when the provisions included broader language than the Receipt’s language here. See, e.g., Morrison v. Circuit City Stores, Inc., 317 F.3d 646, 654 (6th Cir.2003) (arbitration provision covering “any legal dispute relating to [employee’s] employment with Circuit City, including all state and federal statutory claims, contract claims, and tort claims (emphasis added))”; EEOC v. Frank’s Nursery & Crafts, Inc., 177 F.3d 448, 452 (6th Cir. 1998) (arbitration provision covering “any claim ... relative to [employee’s] employment or termination of employment [including but not limited to any claim for any tort, discrimination, breach of contract, violation of public policy or statutory claim)” (emphasis added)).
Here, Minacs labeled the Receipt a “stand-alone” document and provided no evidence that Kay’s discrimination claim “aris[es] out of or relat[es] to [the Phoenix] Policies and Procedures.” On this record, the district court erred in concluding that Kay’s dispute falls within the scope of the arbitration provision. I therefore concur with the majority’s decision to reverse the district court’s judgment and remand for further proceedings.